

Respond to:  Kurt F. Johnson - living soul
            c/o KURT F. JOHNSON 13177-081
            P.O. Box 9000
            Safford AZ 85548

# E-filing

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

KURT F. JOHNSON

      Petitioner,

v.

UNITED STATES OF AMERICA,
JUDGE WILLIAM H. ALSUP,
CHARLES DAVID HALL

      Respondents,

CV No. 08    2462

)
)
)
)
)
)
)
)
)
)
)
)

PETITION FOR WRIT OF HABEAS
CORPUS BY PERSON IN FEDERAL
CUSTODY, PURSUANT TO "THE
JUDICIARY ACT OF FEBRUARY 5TH
1867, c 28, § 1, 14 Stat
385-386", AS QUOTED IN **FAY V.
NOIA**, 372 US 391, 441-443 (1963)

MMC

(PR

Comes now the Petitioner, KURT F. JOHNSON, a layman, **Hughes v. Rowe**, 404 US 5, 10 (1980); **Narid v. Stewart**, 354 F.3d 1134, 1140 n. 4 (9th Cir. 2004).  Petitioner is being held in custody in violation of [his] Fourth, Fifth, and Sixth Amendment Constitutional **GUARANTEED RIGHTS** by virtue of an order issued by a court without subject-matter jurisdiction.

The jurisdiction of this court to hear this matter is as follows: **A)** Petitioner is being held at the Federal Correctional Institution, Safford, Arizona, which is in the geographic area for the United District Court and this is the court that claimed jurisdiction in case 05-CR-00611-WHA; **B)** The Judiciary Act of 1867 as quoted in **Fay v. Noia**, supra, Bell v. Hill, 190 F.3d 1089, 1094-1095 (9th Cir. 1999); and Article I § 9 cl. 2 of the Constitution for the United States of America.

### FACTS AND CLAIMS

The Petitioner was indicted on 9-22-05, in the United States District Court for the Northern District of California, file number 05-CR-00611-WHA. This indictment was superseded on 2-16-06.  The said District Court does not have any proof of subject-matter jurisdiction affirmatively upon the record,

since the court's subject-matter jurisdiction does not appear on the record the said court is without jurisdiction **BENDER V. WILLIAMSPORT AREA SCH. DIST.,** 475 US 534, 546 (1986). Since this Habeas Corpus Petition challenges the jurisdiction for case number 05-CR-00611-WHA, the United States of America as Plaintiff in said action is required to prove the jurisdiction of the court, **THOMAS V.GASKILL,** 315 US 442, 675 (1942).

Furthermore, the officers of the court attached to case number 05-CR-00611-WHA knew but kept silent that the court did not document the subject-matter jurisdiction of the court.

The indictment, as the initial pleading, is required to set the jurisdiction of the court, there are no jurisdictional elements, jurisdictional clause, or jurisdictional fact anywhere on the indictment. Moreover, without those jurisdiction items, the United States District Court for the Northern District of California, case number 05-CR-00611-WHA proceeded in this action without jurisdiction.

Even if the Petitioner entered a guilty plea waving all Constitutional defects, [his] plea did not grant jurisdiction to the court. See **U.S. v. Ventre,** 338 F.3d 1047 (9th Cir. 2003); **U.S. v. Caperell,** 938 F.2d 975, 977 (9th Cir. 1991).

> "..."no action of the parties can confer subject-matter jurisdiction upon a federal court,"..."The validity of an order of a federal court depends upon that's court having jurisdiction over both the subject matter and the parties." **Insurance Corp.,** 465 US at 701, ..." **Constantine v. Rectors, George Mason Univ.,** 411 F.3d 474, 480 (4th Cir. 2005).

## RELIEF REQUESTED

A) Grant this Habeas Corpus with 20 days as required by the Judiciary Act of 1867.

B) Order the Respondents to Show Cause and produce documented proof the United States District Court for the Northern District of California had subject-matter jurisdiction.

C)   All other relief that is available in the interest of justice.

## PERSONUM JURISDICTION

Petitioner was in custody in Utah on related charges at the time of the issuance of the first indictment on 9-22-05.  A detainer was placed upon Petitioner at that time.  On 12-20-05 Utah dropped the charges and Petitioner entered federal custody.  On 12-22-05 Marshals brought Petitioner before a federal magistrate in Utah named Samuel Alba.  Petitioner never waived the right to a speedy trial.  On or about 2-9-06 Petitioner was brought to the Northern District of California Court Oakland Division.  While in court on 2-17-06 Petitioner received a superseding indictment.  There were a couple of hearings until 3-3-06 which was the Petitioner's first exposure to excluded time.  Time not excluded from 12-20-05 to 3-3-06 is 74 days without trial on the original indictment and the 27 counts carried forward.  This is in violation of Title 18 § 3161.  The superseding indictment did not exempt the government from its obligations at law to bring Petitioner to trial in a speedy fashion.  **U.S. v. Thomas** 788 F.2d 1250, **U.S. v. Rush**, 738 F.2d 497.

Even if this court should be able to find subject-matter jurisdiction by fiat it would lose personum jurisdiction over Petitioner for the 27 counts that were carried forward to the superseding indictment by the violation of the speedy trial act.

## VERIFICATION

I, Kurt F. Johnson,  hereby attest to the truth and correctness of the preceding document.  If called upon, I could testify to those things which are within my personal knowledge.  As to other points, I assert them to be true based upon information and belief.

The foregoing is offered under penalty of perjury of the laws of the United States of America.

Dated the 8th day of May 2008

By: _____
By: KURT F. JOHNSON - FICTION - PETITIONER
    UNDER RESERVE WITHOUT RECOURSE

**DISCLAIMER:** The sovereign natural man by his participation with the customs and usage of trade procedures (local rules, evidence rules, criminal procedures, statutes, regulations, and other rules) does not infer or imply consent or acceptance, but merely is attempting to extricate himself from the hostile coercive trespass upon his rights, title, and interest, and the dishonor of fiduciaries not settling the matter in accordance with the provided instructions and public policy, while in all ways seeking honor in commerce.

## CERTIFICATE OF SERVICE

It is hereby certified that the attached **PETITION FOR WRIT OF HABEAS CORPUS BY PERSON IN FEDERAL CUSTODY, PURSUANT TO "THE JUDICIARY ACT OF FEBRUARY 5th, 1867"** was served on the following via pre-paid, first class, United States Mail:

Clerk of the Court

Northern District of California

San Francisco Division

450 Golden Gate Av.

San Francisco Ca 94102


Charles David Hall

AUSA 450 Golden Gate Av.

San Francisco CA 94102


William H. Alsup

450 Golden Gate Av.

San Francisco Ca 94102


Dated the 12th day of May 2008

By: _____

By: KURT JOHNSON - FICTION - PETITIONER
UNDER RESERVE WITHOUT RECOURSE

> "The judgment of conviction pronounced by a court without
> jurisdiction is void," **Johnson v. Zerbst**, 304 US 458, 468,
> 59 S Ct. 1019, 1025 (1938)

> "The validity of an order of a federal court depends upon that
> court's having jurisdiction over both subject matter and the
> parties." **Constantine v. Rectors, George Mason Univ.**, 411 F.3d
> 474, 480 (4th Cir. 2005); **Insurance Corp. v. Compagnie Des
> Bauxites**, 465 US 694, 701, 72 L.Ed.2d. 492, 500, 102 S Ct.
> 2099 (1982)

2.)      In all actions brought before the district court the Plaintiff

[Petitioner] must in the initial pleading set forth all the jurisdictional

elements for the district court to obtain jurisdiction.  The initial pleading

in a civil action is the summons and complaint, whereas the initial pleading

in a criminal action is the indictment:

> "The crime charged here is a felony and the Fifth Amendment re-
> quires that prosecution be begun by indictment." **Stirone v.
> United States**, 361 US 212, 215,, 4 L.Ed.2d 252, 256, 80 S Ct.
> 270 (1960);

> "As the initial pleading, the summons must establish the court's
> jurisdiction." **Dalmer Chrysler v. U.S.**, supra.

3.)      This Honorable Court should take Mandatory Judicial Notice pursuant

to Federal Rules of Evidence Rule 201(d), of indictment filed with the district

court, the Honorable Court will notice that there is no Jurisdictional Clause,

Jurisdictional Statement, or Jurisdictional Fact, in the indictment setting

forth the Jurisdictional Elements to enable the district court to proceed in

the criminal action:

> "**Jurisdictional Facts**; Those matters of fact which must exist
> before the court can properly take jurisdiction of the particular
> case, as, that the defendant has been properly served with process,
> ... **Nobel v. Union River Logging Railroad Co.**, 147 U.S. 165, 13
> S Ct. 271, 37 L.Ed. 123." **Blacks Law Dictionary Sixth Edition**,
> page 853.

The Honorable Court only has to review the indictment to see that it fails to comply with the Sixth Amendment, the indictment lists United States Codes (hereafter USC), and, does not list the implementing regulation or the Statute at Large to indicate the intent of Congress. The USC's are only "prima facie" evidence of law, and , not law. The USC is nothing more than a summary of the Statute at Large:

> **"Prima facie**, At first sight; on first appearance; on the face of it; so far as can be judged from first disclosure; presumably, a fact presumed to be true unless disproved by some evidence to the contrary. <u>State ex rel. Herber v. Whims</u>, 68 Ohio App. 39, 38 N.E.2d 596, 599, 22 O.O. 110" **Blacks Law Dictionary Sixth Edition**, page 1189.

The USC's cannot stand as the Sixth Amendment nature and cause of the accusation since the intent of Congress is not apparent, the "burdon of proof" is on the district court and the Plaintiff to prove the intent of Congress, the only place the intent of Congress can be found is in the Statute at Large:

> "But the vary meaning of "prima facie" is that the Code cannot prevail over the Statute at Large when the two are inconsistent." **Stephen v. United States**, 319 US 423, 426, 63 S Ct. 1135, 1137 (1943); **Preston v. Heckler**, 734 F.ed 1359, 1367 (9th Cir. 1984); **Millsaps v. Thompson**, 259 F.3d 535, 542 n. 3 (6th Cir. 2001)

As this Honorable Court can see, the indictment fails to charge a crime or declare the jurisdiction of the district court.

4.) This Honorable Court should take Mandatory Judicial Notice FRE Rule 201(d) of the United States Codes used in the indictment, and, this Honorable Court shold take Mandatory Judicial Notice FRE Rule 201(d) of

<u>Attachment 1</u> "Index and Finding Aids to Code of Federal Regulations" **United States Code Service 2007 Edition** page 796. This Honorable Court will note that the USC's listed in the indictment are conspicuously absent on the cross reference to the Code of Federal Regulations [Attachment 1], This is proof positive that the USC's in the indictment have never been implemented into law by regulation. Furthermore criminal penalties only attach upon violation of regulation, this Honorable Court should take judicial notice FRE Rule 201(d) of the following:

> "The result is that neither the statute nor the regulations are complete without the other, and only together do they have any force." **United States v. Mersky**, 361 US 341, 438, 4 L.Ed.2d 423, 429, 80 S Ct. 459 (1960);

> "Because it has a bearing on our treatment of some of the issues raised by the parties, we think it important to note that the Act's civil and criminal penalties attach only upon violation of regulations" 416 US 21, 26, 39 L.Ed.2d 812, 820, 94 S Ct. 1494 (1974) **California Bankers v. Schultz**;

> "A United States district judge concurred in their reading of the regulation. In the framework of criminal prosecution, unclarity alone is enough to resolve the doubt in favor of the defendant. Accordingly, the judgment of the district court is Affirmed." **U.S. v. Mersky**, at 361 US 441.

Since there is no regulation attached to the indictment and the district court cannot produce a regulation the Affiant's Sixth Amendment guaranteed rights were violated, the Affiant has never been served with any document declaring the nature and cause of the accusation, and, with no regulation the district court has no subject-matter jurisdiction.

Whereas the indictment was the initial pleading in the district court, the indictment failed to set the jurisdiction of the district court, and, since the district court was without jurisdiction, **Hamdi v. Rumsfeld**, 294 F.3d 598, 607 (4th Cir. 2002), and, the district court does not have the power by "judicial fiat" to extend its jurisdiction beyond [its] scope of authority [jurisdiction], **Stoll v. Gottlieb**, 305 US 165, 171, 59 S Ct. 134, 137 (1938).

5.)      Furthermore since the district court has no jurisdictional fact in the
indictment the Affiant's Constitutional guaranteed rights pursuant to the
Fourth, Fifth, and, Sixth Amendments to the Constitution [Bill of Rights] has
been violated by the officers of the district court.  The Fourth Amendment
guarantees that the Affiant will-not be deprived of life liberty or property
without "due process of law", the district court is without [proof] of juris-
diction, there can be no due process of law in the district court without juris-
diction.  The Affiant has a Sixth Amendment guaranteed right to know the nature
and cause of the accusation, the indictment does not properly show the nature
and cause of the accusation setting forth the Statute at Large and Impliment-
ing Regulation showing the subject-matter jurisdiction of the district court.
The Affiant's Fourth Amendment guaranteed right that no warrant shall issue,
the arrest warrant was invalid and void since the indictment failed to de-
clare the jurisdiction of the district court.

6.)      This Honorable Court should take **Mandatory Judicial Notice** FRE Rule 201
(d) that the United States Supreme Court and all of the Untied States Circuit
Courts are empowered pursuant to the United States Constitution Article III,
and, the Constitution for the United States Of America is the "supreme law
of the Land;" Article VI.

Take Judicial notice FRE 201(d) that Article I § 9 clause 2 forbids the
suspension of the Writ of Habeas Corpus, and take judicial notice FRE 201(d)
"The Judiciary Act of February 5, 1867, c 28, § 1, 14 Stat 385-386:" [The
Habeas Corpus Act] is the ruling authority for petitions  for writs of habeas
corpus, see **Fay v. Noia**, 372 US 391, 441-443, 9 L.Ed.2d 837, 871-872, 83 S Ct.
882 (1963).

The original Congress for the United States of America thought Habeas
Corpus so important that it [Habeas Corpus] was incorporated in the Constit-
ution, and, the act of September 24, 89, c 20, § 14, I Stat 81, 82 was the
"Habeas Corpus Act", Chief Justice John Marshall confirmed the Act as "great
constitutional privilage" see Ex parte Bollman and Swartwout, 4 Cranch 75, 95,
2 L.Ed. 554, 561 (1807)

The Affiant has a guaranteed privilege of habeas corpus.  Many of the Circuit Courts and the United States Supreme Court have made the following rulings take judicial notice FRE 201(d):

> "The scope of inquiry in haveas corpus proceedings has been broad-
> ened-not narrowed-since the adoption of the Sixth Amendment. ...
> the petitioned court has "power to inquire with reguards to the
> jurisdiction of the inferior court, wither in respect to the sub-
> ject-matter" **Johnson v. Zerbst**, 304 US 458, 465-466, 58 S Ct. 1019,
> 1023 (1938)

> "The scope of habeas corpus is limited to the examination of the
> jurisdiction of the court whose judgment of conviction is chall-
> enged. ... But if it be found that the trial court had no juris-
> diction to try the petitioner, or that in its proceedings his con-
> stitutional rights have been denied, the remedy of habeas corpus is
> available. **Ex parte Lange**, 18 Wall. 163, 178, 21 L.Ed. 872; ...
> **Johnson v. Zerbst**, 304 U.S. 458, 467, 58 S Ct. 1019, 1024, 82 L.Ed.
> 1461." **Bowen v. Johnston**, 306 US 19, 23-24, 59 S Ct. 442, 444-445
> (1939); See also **Fay v. Noia**, 372 US 391, 9 L.Ed.2d 837, 83 S Ct.
> 822 (1963)

> "This ability is guaranteed through the availability of the writ of
> habeas corpus to challenge the lawfulness of one's imprisonment."
> **Flores By Galves-Maldonado v. Meese**, 942 F.2d 1352, 1359 (9th Cir.
> 1991)

7.)    The Affiant having shown by evidence [Attachment 1] and the forgoing court rulings that the Affiant's Constitutional rights have been violated by the district court not having jurisdiction to issue any orders, judgments, or hold a trial, all the orders and judgments of the district court are **NULL AND VOID**, the Honorable Court reviewing this **"Affidavit And Memorandum of Law"** and the Affiant's "petition for writ of Habeas Corpus" has but one duty which is to declare the district court was without jurisdiction:

> "If... requirements of the Sixth Amendment is not complied with,
> the court no longer has jurisdiction to proceed.  The judgment of
> conviction pronounced without jurisdiction is void, and one im-
> prisoned thereunder may obtain release by habeas corpus." **Johnson
> v. Zerbst**, 304 US 458, 468 (1938)

Furthermore an Article III Judge of the United States has a duty to investigate the merits and fact of the habeas corpus, **Johnson v. Zerbst**, supra, and, **Fay v. Noia**, supra.

page 6 of *8*

8.)     This Honorable Court should take judicial notice FRE 210(d) that a court must first determine whether or not it has jurisdiction before proceeding. All orders and judgments are invalid and void without jurisdiction. The Affiant presents the following list of Supreme Court and Circuit Court cases;

**Ortiz v. Fibreboard Corp.**, 527 US 815, 144 L.Ed.2d 715, 721, 119 S Ct. 2295 (1999)

**Steel Company v. Citizens For Better Env.**, 523 US 83, 94-95, 140 L.Ed.2d 210, 227, 118 S Ct. 1003 (1998)

**International Electronic Technology Corp. v. Hughes Aircraft** 476 F.3d 1329, 1330 (Fed Cir. 2007)

**Miller v. Brown**, 462 F.3d 312, 316 (4th Cir. 2006)

**McCook Metals LLC v. Alcoa, Inc.**, 249 F.3d 330, 333 (4th Cir. 2001)

**National Right To Life v. Connor**, 323 F.3d 684, 689 (8th Cir. 2003)

**Nippon Steel Corp. v. United States**, 219 F.3d 1348, 1352 (Fed Cir. 2000)

9.)     Furthermore the Affiant is not required to prove the district court has jurisdiction, the burden of proof is on the United States Government as the Petitioner/Plaintiff.

### PERSONUM JURISDICTION

10.)    Affiant was in custody in Utah on related charges at the time of the issuance of the first indictment on 9-22-05. A detainer was placed upon Affiant at that time. On 12-20-05 Utah dropped the charges and Affiant entered federal custody. On 12-22-05 Marshals brought Affiant before a federal magistrate in Utah named Samuel Alba. Affiant never waived the right to a speedy trial. On or about 2-9-06 Affiant was brought to the Northern District of California Court Oakland Division. While in court on 2-17-06 Affiant received a superseding indictment. There were a couple of hearings until 3-3-06 which was the Affiant's first exposure to excluded time. Time not excluded from 12-20-05 to 3-3-06 is 74 days without trial on the original indictment and the 27 counts carried forward. This is in violation of Title 18 § 3161. The Superseding indictment did not exempt the government from its obligations at law to bring Affiant to trial in a speedy fashion. **U.S. v. Thomas** 788 F.2d 1250, **U.S. v. Rush**, 738 F.2d 497.

Even if this court should be able to find subject-matter jurisdiction by fiat it would lose personum jurisdiction over Affiant for the 27 counts that were carried forward to the superseding indictment by the violation of the speedy trial act.

page 7 of *8*

11.)    In closing the Affiant states under penalty of perjury under the laws of the United States of America the Affiant's Fourth, and, Fifth, and, Sixth Amendment(s) guaranteed rights have been violated by the district court.

Affiant has seen no evidence demonstrating or proving that the district court ever had subject-matter jurisdiction and/or personum jurisdiction over the Affiant and believes that none exist.

**[Answer:** The district court lacks all jurisdiction over Affiant.**]**

**DISCLAIMER:**  The sovereign natural man by his participation with the customs and usage of trade procedures (local rules, evidence rules, criminal procedures, statutes, regulations, and other rules) does not infer or imply consent or acceptance, but merely is attempting to extricate himself from the hostile coercive trespass upon his rights, title, and interest, and the dishonor of fiduciaries not settling the matter in accordance with provided instructions and public policy, while in all ways seeking honor in commerce.

Sworn to this 8th Day of May 2008

By: _____

By: KURT F.: JOHNSON - FICTION
    UNDER RESERVE WITHOUT RECOURSE

July 4,2010
My Commission Expires

_____ Elizabeth Holloway
Notary Public

Seal:

Notary Public - State of Arizona
GRAHAM COUNTY
ELIZABETH HOLLOWAY
Expires July 4, 2010

page 8 of 8



★ ★ ★ ★ **UNITED STATES CODE SERVICE**  ★ ★ ★ ★

*Lawyers Edition*

All federal laws of a general and perma-
nent nature arranged in accordance with
the section numbering of the United
States Code and the Supplements
thereto.

# Index and Finding Aids
# To
# Code of Federal Regulations

## 2007 EDITION



**LexisNexis®**

Attachment page 1 of 2

## USCS TO CFR

| 17 U.S.C.—Continued | CFR |
|---|---|
| 114 | 37 Parts 260, 261—263 |
| 116 | 37 Part 254 |
| 118 | 37 Part 253 |
| 119 | 37 Parts 257, 258 |
| 408 | 37 Part 202 |
| 509 | 28 Part 9 |
| 601—603 | 19 Part 133 |
| 702 | 37 Parts 201—205, 211, 256, 258, 310 |
| 801—803 | 37 Part 251 |
| 801 | 37 Parts 252—255, 260—263, 304 |
| 802 | 37 Parts 256, 258, 310 |
| 803 | 37 Parts 252, 253, 255 |
| 804 | 37 Part 306 |
| 908 | 37 Part 211 |
| 1007 | 37 Part 259 |

| 18 U.S.C. | |
|---|---|
| 13 | 32 Parts 210, 263, 1290 |
| | 39 Part 232 |
| 42—44 | 50 Part 11 |
| 42 | 50 Parts 10, 13, 14, 16 |
| 47 | 43 Part 4700 |
| 109 | 21 Part 41 |
| 201—212 | 24 Part 0 |
| 201—209 | 12 Part 511 |
| | 29 Part 2202 |
| 201 note | 20 Part 360 |
| 202 | 14 Part 300 |
| 203 | 31 Part 8 |
| 205 | 14 Part 300 |
| | 31 Part 8 |
| 207 | 5 Parts 534, 1304, 2641 |
| | 7 Part 1 |
| | 11 Part 7 |
| | 12 Parts 400, 933, 2434, 2637 |
| | 14 Parts 300, 1207 |
| | 16 Part 1030 |
| | 17 Part 207 |
| | 19 Part 200 |
| | 22 Parts 18, 223, 525, 710, 713 |
| | 28 Part 45 |
| | 29 Part 0 |
| | 31 Part 15 |
| | 36 Part 905 |
| | 39 Part 956 |
| | 41 Part 105—735 |
| | 45 Parts 73b, 500 |
| | 46 Parts 500, 502 |
| | 49 Part 98 |
| 208 | 5 Part 2640 |
| | 10 Part 1010 |
| | 14 Part 1207 |
| | 16 Part 5 |
| | 18 Part 1301 |
| | 29 Part 0 |
| | 34 Part 73 |
| | 45 Part 680 |
| | 46 Part 500 |
| 212 | 5 Part 3101 |
| 213 | 5 Part 3101 |
| 219 | 32 Part 516 |
| 223 | 28 Part 524 |
| 241 note | 24 Part 573 |
| 437 | 25 Part 140 |
| 474 | 31 Parts 402, 405 |
| 474A | 31 Part 601 |
| 492 | 31 Parts 101, 402, 403 |

| 18 U.S.C.—Continued | CFR |
|---|---|
| 506 | 36 Part 1200 |
| 512 | 28 Part 9 |
| 534 | 28 Part 105 |
| 534 note | 28 Part 105 |
| 545 | 19 Part 161 |
| 546 | 19 Part 162 |
| 641 | 12 Part 4 |
| | 22 Part 713 |
| | 43 Part 8200 |
| | 49 Part 801 |
| 701 | 20 Part 369 |
| | 32 Part 507 |
| | 50 Part 80 |
| 702 | 32 Part 507 |
| 707 | 7 Part 8 |
| 711 | 36 Part 271 |
| 751—752 | 28 Part 511 |
| 751 | 28 Part 570 |
| 798 | 32 Part 518 |
| 799 | 14 Parts 1203a, 1214 |
| 834 | 49 Part 178 |
| 842 | 49 Part 1572 |
| 845 | 49 Part 1572 |
| 847 | 27 Parts 55, 178 |
| 921—928 | 27 Part 178 |
| 921 | 27 Part 72 |
| 922 | 32 Part 635, 637 |
| 926 | 27 Part 71 |
| 951 | 28 Part 73 |
| 981 | 27 Part 9 |
| | 39 Part 233 |
| 982 | 28 Part 9 |
| 983 | 19 Part 171 |
| | 32 Part 216 |
| 1001 | 7 Part 1443 |
| | 25 Part 151 |
| | 32 Part 525 |
| | 43 Part 3830 |
| 1017 | 36 Parts 701, 1200 |
| 1114 | 28 Part 64 |
| 1116 | 22 Part 2 |
| 1159 | 25 Part 309 |
| 1261 | 27 Part 72 |
| 1301 et seq | 37 Part 212 |
| 1350 | 17 Parts 228, 229, 232, 240, 249 |
| 1382 | 32 Parts 527, 552, 770 |
| 1467 | 28 Part 9 |
| 1512 | 28 Part 581 |
| 1514A | 29 Part 1980 |
| 1621 | 22 Part 514 |
| | 49 Part 1104 |
| 1693—1699 | 39 Parts 310, 320 |
| 1752 | 31 Part 408 |
| 1791—1792 | 28 Part 511 |
| 1791 | 28 Parts 6, 540 |
| 1793 | 28 Part 511 |
| 1905—1906 | 12 Part 4 |
| 1905 | 19 Part 103 |
| | 20 Part 402 |
| | 21 Parts 20, 26 |
| | 25 Part 516 |
| | 45 Part 5 |
| 1955 | 28 Part 9 |
| 1956—1957 | 39 Part 233 |
| 1963 | 28 Part 9 |
| 2071 | 49 Part 801 |

Attachment page 2 of 2