**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KURT F. JOHNSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

No. 08-02462 JSW

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Now before the Court is the pro se petition for a writ of habeas corpus filed by Petitioner Kurt F. Johnson ("Johnson"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. For reasons set forth in the remainder of this Order, the Court HEREBY DENIES the petition.

**BACKGROUND**

On November 15, 2007, following a jury trial, Johnson was convicted of one count of conspiracy to commit mail fraud and thirty-four counts of mail fraud, in violation of 18 U.S.C. §§ 1841 and 1849. Following his conviction, Johnson was sentenced to 300 months imprisonment. On May 14, 2008, Johnson filed a Petition for Habeas Corpus, claiming that the Court lacked subject matter jurisdiction and that his right to a speedy trial was violated. The Court issued an Order to Show Cause, and, on February 20, 2009, the United States filed its response.

On February 23, 2009, Johnson filed a Request for 30 Day Leave to Amend Petition and Objection to Court's Lack of Jurisdiction, in which Johnson took issue with the fact that the

1  Court construed the Petition as having been brought pursuant to Section 2255. Johnson asserted
2  that "2255 was never presented by petitioner and its use is objectionable."[1] On March 2, 2009,
3  the Court granted Johnson's request for an extension of time. On March 31, 2009, Johnson
4  filed his Amended Petition, in which he asserts that his Petition for a Writ of Habeas Corpus
5  should be granted because 18 U.S.C. § 3231 is unconstitutional and, thus, the trial court does
6  not have subject matter jurisdiction over the matter. On May 19, 2009, the United States filed
7  its response to Johnson's Amended Petition. Johnson filed a reply on June 25, 2009.

**ANALYSIS**

Johnson's first claim for relief is premised on the argument that this Court does not have subject matter jurisdiction because of a defect in the 1948 passage of Public Law 80-772, by which Congress enacted 18 U.S.C. § 3231.[2] The Ninth Circuit has not addressed the issue of whether Section 3231 was unconstitutionally enacted, however other courts have addressed this claim and rejected it. For example, in *United States v. Risquet*, the court noted that Section 3231 passed both houses of Congress and President Truman signed it into law on June 25, 1948, resulting in a properly enacted law. 426 F. Supp. 2d 310, 311 (E.D. Pa. Apr. 5, 2006). Similarly, in *United States v. Lawrence*, the district court held that "the amendments and statutes relied upon for jurisdiction in this case were properly enacted and are binding" because they properly passed both houses of Congress and were signed into law. 2006 U.S. Dist. LEXIS 5501 at *7 (N.D. Ill. Jan. 27, 2006). Moreover, the *Lawrence* court reasoned that it would retain jurisdiction even if the alleged defects in the passage of Section 3231 were confirmed, because its predecessor statute provided for jurisdiction. *Id.* at *8. This Court finds the reasoning of these cases to be persuasive and adopts their reasoning. *See also United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (rejecting the argument that "Title 18 . . . is unconstitutional because of supposed irregularities in its enactment" and citing to a previous

---

[1] Having considered Johnson's arguments on reply, the Court finds that his Petition should be construed pursuant to 28 U.S.C. § 2255.

[2] Section 3231 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the court of the States, of all offenses against the laws of the United States."

appeal in which the court described the same argument as "'unbelievably frivolous'"); *Garcia v. United States*, 2009 U.S. Dist. LEXIS 84666 at *15 (M.D. Fla. Aug. 28, 2009) (stating that Petitioner's arguments as to the validity of Section 3231 are without merit and the statute was properly enacted and binding); *Wolford v. United States*, 2009 U.S. Dist. LEXIS 86606 at *3 (W.D. Pa. Sept. 22, 2009) (finding that it is well-settled that Section 3231 was properly enacted and binding); *United States v. Cunningham*, 2009 U.S. Dist. LEXIS 97883 at *2 (D. Md. Oct. 20, 2009) (noting numerous courts have rejected the argument that Section 3231 is invalid and citing cases). Thus, the statute was properly enacted and grants this Court subject matter jurisdiction. Johnson's Petition is denied on this basis.

Johnson's second claim involves an alleged violation of the Speedy Trial Act. To remedy a violation of the Speedy Trial Act the defendant must move to dismiss the case prior to trial and "[f]ailure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal under this section." 18 U.S.C.§ 3162(a)(2); *see, e.g.,United States v. Brickey*, 289 F.3d 1144, 1150 (9th Cir. 2002) ("The Act provides for no exception to the waiver of the right to dismissal for failure to make a timely motion."). The Government argues Johnson waived his Speedy Trial Act claim because he failed to allege a Speedy Trial Act violation and move for dismissal prior to trial. The Court agrees. Johnson did not move to dismiss the indictment before trial and, therefore, he waived his Speedy Trial Act claim.

Even if Johnson did not waive the alleged violation, he bears the burden to establish a violation of the Speedy Trial Act. Johnson claims the Speedy Trial Act time limit began to run when he entered federal custody in Utah on December 20, 2005. "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C.§ 3161(c)(1). As noted, Johnson argues the seventy-day time limit began to run on December 20, 2005. According to Johnson's calculations, seventy-four days passed between

December 20, 2005, and a hearing date on March 3, 2006, which he claims was his "first exposure to excluded time."[3]  (Pet. at 3).

Johnson's argument that the seventy-day time limit began once he entered federal custody in Utah is without merit because it contradicts the plain language of Section 3161(c)(1), which states that time commences from the later date of either the filing of the information or indictment, or the defendant's first appearance before a judicial officer of the charging court. The Ninth Circuit also has concluded that the seventy-day time limit does not begin to run "'prior to the defendant's initial appearance before a judicial officer in the charging district.'" *United States v. Wilson*, 720 F.2d 608, 609 (9th Cir. 1983) (quoting Judicial Conference of the United States, Committee on the Administration of the Criminal Law, Guidelines to the Administration of the Speedy Trial Act of 1974 at 35 (Dec. 1979 revision with Aug. 1981 amendments)). The *Wilson* court thus rejected the defendant's contention that the seventy-day time limit began to run after her initial court appearance and before she was removed to the charging court in the Central District of California. *Id.*  Here, the Northern District of California is the charging court. Johnson first appeared in this Court on February 13, 2006. Only eighteen days elapsed between Johnson's initial appearance and the undisputed exclusion of time following March 2. Therefore, Johnson did not suffer a Speedy Trial Act violation. Johnson's petition is denied on this basis.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. A separate judgment shall issue, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 11/06/09

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[3]  Johnson does not raise any challenge to time excluded after March 2, 2006.

4